## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| LAKE BURTON CIVIC | : | |
| ASSOCIATION, INC., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:06-CV-0189-RWS |
| | : | |
| v. | : | |
| | : | |
| J.T. WILLIAMS; BERT WILLIAMS; | : | |
| DAVID WILLIAMS; LAKE BURTON | : | |
| DEVELOPMENT, LLC; KILLEARN, | : | |
| INC.; KILLEARN PROPERTIES | : | |
| INCORPORATED; LAKE BURTON, | : | |
| LLC and WATERFALL COUNTRY | : | |
| CLUB, LLC., | : | |
| | | |
| Defendants. | | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Enforce a

Settlement Agreement [20]. After a review of the record, the Court enters the

following Order.

### **Background**

Plaintiff Lake Burton Civic Association, Inc. ("LBCA"), initially filed

this action as a citizen suit alleging a violation of Section 505 of the Clean Water Act, 33 U.S.C. § 1365, as well as related state law claims against Defendants J.T. Williams, Bert Williams, Lake Burton Development, LLC, Killearn, Inc. and Waterfall Country Club (collectively "Defendants"). Plaintiff alleged that Defendants' construction activities at the Waterfall County Club were resulting in the "discharge of dirt, debris, sand, sediment, sediment-laden storm water, rocks, pieces of asphalt, fertilizer, insecticides. herbicides, gasoline, diesel fuel, engine oil, grass clippings, dyes, sewage and other pollutants" into Lake Burton. (Complaint [1] at ¶ 33.) The Parties were able to engage in settlement discussions and enter into a Settlement Agreement which Plaintiff now seeks assistance from the Court in enforcing. [20]

## Discussion

### I. Settlement Agreement

The Settlement Agreement requires Defendants to provide third party neutral, Nutter & Associates, Inc. ("NAI") with access to Waterfall Country Club and all documents necessary for NAI to assess water quality degradation and/or sedimentation of Lake Burton and the receiving waters draining from Waterfall so that NAI can prepare a report detailing its findings and remedial

2

AO 72A
(Rev.8/82)

recommendations. (Settlement Agreement, ¶ III.A.1.)  Paragraph III.A.1 of the

Settlement Agreement states in its entirety:

> Within ten (10) business days of the execution of this Agreement,
> Defendants agree to provide Nutter & Associates, Inc. (hereinafter,
> "NAI") with access to Waterfall Country Club property
> (hereinafter, "Waterfall") and with all documents necessary to
> allow NAI to continue their work to assess historic and
> contemporary water quality degradation and/or sedimentation of
> Lake Burton and the receiving waters draining Waterfall. NAI will
> timely perform this work and prepare a report containing its
> findings and recommendations to address and cure any and all
> concerns identified by NAI with respect to water quality and
> sedimentation (hereinafter, "Report"). Upon completion, the Report
> will be submitted by NAI to Plaintiff and Defendants.

¶ III.A.1.

The Parties do not dispute the fact that NAI was given access to the

Waterfall Country Club and permitted to gather data to constitute its findings

and recommendations. (Dkt. No. [21] at 5; Dkt. No. [22] at 5.)  Further, the

Court finds that NAI was fully compensated for expenses and fees associated

with its initial investigation, as required by Paragraph III.B.2 of the Settlement

Agreement.  However, the Parties differ as to the necessity for NAI to perform

additional collection and analysis work on the water quality.  NAI has

submitted a proposal to the Parties outlining additional water quality and

3

sediment investigation on the site necessary to test for "synthetic organics, metals, nutrients and bacteria." (Pl. Exh. C at 1., Dkt. No. [20].) Plaintiff asserts that this additional sample acquisition and laboratory analysis is required for full compliance with the Settlement Agreement. (Dkt. No. [20] at 7.) Defendants argue that this investigation lies outside the scope of the contemplated site inspection anticipated by the negotiations and Settlement Agreement. (Dkt. No. [21] at 6.) Defendants contend that the "ground rules" upon which the Parties based the Settlement Agreement limited NAI's involvement only to the extent necessary to "determine whether dirt from the Waterfall site is being washed into Lake Burton, in violation of Waterfall's Stormwater Permit." (Id. at 6-7.) Based on this narrow reading, Defendants argue that they have fully complied with the Settlement Agreement. (Id.)

## II.    Plaintiff's Motion to Enforce the Settlement Agreement

The Court finds that the language of the Agreement, in the context of the Complaint, clearly calls for an examination of "excessive volumes of storm water as well as sediment, eroded soils, sand, silt, debris and other pollutants" in the water as a result of Defendants' activity. (Settlement Agreement at 2.) The Settlement Agreement does not seek to limit the investigation to "dirt", as

4

Defendants contend, and the Court does not read the Agreement so narrowly.

The Parties have mutually designated NAI with the full task of conducting such

investigation. While NAI has completed an initial investigation at the site and

prepared a report of its findings, the third party has made it clear that additional

research is necessary to complete their full assessment of the "historic and

contemporary water quality degradation and/or sediment of Lake Burton." (Id.

at ¶III.A.1.) The Court finds such that such additional investigation reasonably

lies within the scope of the Settlement Agreement. The Settlement Agreement

language is clear and unambiguous. S. Med. Corp. v. Liberty Mut. Ins. Co., 216

Ga. App. 289, 291, 454 S.E.2d 180, 182 (1995). Furthermore, the Parties

reached a meeting of the minds that the role of the NAI was to conduct an

investigation into the water quality, which included pollutants. Accordingly,

Defendants have materially breached the Settlement Agreement by failing to

authorize additional work required by NAI. The Plaintiff's Motion to Enforce

Settlement Agreement is GRANTED.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Enforce Settlement Agreement

[20] is **GRANTED**.

5

AO 72A
(Rev.8/82)

**SO ORDERED** this __8th__ day of April 2009.

_____

**RICHARD W. STORY**
United States District Judge

6