**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| LAKE BURTON CIVIC ASSOCIATION, INC., : : : | |
| Plaintiff, : : | |
| v. : : | CIVIL ACTION NO. 2:06-CV-0189-RWS |
| J.T. WILLIAMS; BERT WILLIAMS; DAVID WILLIAMS; LAKE BURTON DEVELOPMENT, LLC; KILLEARN, INC.; KILLEARN PROPERTIES INCORPORATED; LAKE BURTON, LLC and WATERFALL COUNTRY CLUB, LLC., : : : : : : : : : : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on the Defendant Waterfall Country Club, LLC's Motion to Stay [30]. Defendant wishes to stay enforcement of the Court's April 9, 2009 Order granting Plaintiff's Motion to Enforce the Settlement Agreement [23] as well as Plaintiff's Motion for Contempt [24]. Defendant requests that all proceedings and briefings be stayed pending resolution of Defendant's appeal of the April 9, 2009 Order to the Eleventh Circuit Court of Appeals (Notice of Appeal May 11, 2009 [26].)

## Discussion

A stay of enforcement and proceedings is appropriate when the movant can show that: (1) there is a likelihood of success on the merits; (2) an irreparable injury will occur if the stay is not granted; (3) the granting of the stay would not substantially harm the other parties; and (4) granting of the stay will not harm the public interest. See In re Grand Jury Proceedings, 689 F.2d 1351, 1353 (11th Cir. 1982).

First, Defendant Waterfall County Club, LLC has failed to show a likelihood of success on the merits. The parties entered into a Settlement Agreement, and the Court found the terms of the Agreement were clear. Further, the fact that only one of the named Defendants filed the request to stay raises significant questions about the effectiveness of a stay. The other Defendants, namely, J.T. Williams, Bert Williams, Lake Burton Development, LLC, and Killearn, Inc., have not contested the Court's Order and would be required to comply under the terms of the Settlement Agreement as instructed by the Court. The limited nature of the motion to stay renders it ineffective.

2

Therefore, the Court finds that Defendant Waterfall County Club, LLC has not demonstrated a likelihood of success on the merits.[1]

Also, in light of the terms of the Settlement Agreement, Defendant cannot show that the denial of the stay would cause a substantial injury. Conversely, the discharge or sediment and other pollutants into the waters of Lake Burton and its tributaries would pose a harm to both Plaintiff and the public. If allegations regarding the violations of the Clean Water Act are proven true and allowed to continue, a further stay would only exacerbate the damage to the local environment. Accordingly, the balance of equities of the remaining factors weigh in favor of Plaintiff and a denial of the stay

Accordingly, Defendant's Motion to Stay Enforcement of the Court's Order [30] and Plaintiff's Contempt Motion [24] is **DENIED**. All briefings and proceedings, including enforcement of the Court's April 9,2009 Order, shall

---

[1] Furthermore, while the issue does not necessitate resolution, the Court has serious reservations regarding the Eleventh Circuit's jurisdiction to hear Defendant's appeal of the April 9, 2009 Order. The courts of appeals have jurisdiction over appeals "from all *final* decisions of the district courts of the United States," 28 U.S.C. § 1291, and from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. . . ." 28 U.S.C. § 1292 (a)(1) (emphasis added). The Court believes that the April 9, 2009 Order did not dispose of all Plaintiff's claims nor was it certified as a final judgment or interlocutory order. However, given the Court's disposition of the motion at hand, the issue is moot at this time.

3

proceed consistent with the Local Rules of the Northern District of Georgia and the Federal Rules of Civil Procedure.

## Conclusion

Based on foregoing, Defendant's Motion to Stay Enforcement of the Court's Order [30] and Plaintiff's Contempt Motion [24] is **DENIED**.

**SO ORDERED** this  8th  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

4