**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

LAKE BURTON CIVIC
ASSOCIATION,

    Plaintiff,

v.

J.T. WILLIAMS, *et al.*,
    Defendants.

CIVIL ACTION NO.
2:06-CV-189-RWS

## **ORDER**

This case comes before the Court on Defendants' Motion for Reconsideration of the Court's Contempt Order [76], Defendants David Williams and Killearn, Inc.'s Motion for Reconsideration of the Court's Contempt Order [81], and Plaintiff's Motion to Dismiss this Action after a Reasonable Time for Additional Parties to Intervene [118]. After a review of the record, and numerous hearings on the matter, the Court enters the following order.

## **I. Brief Background**

Plaintiff filed suit against Defendants for their construction of the

Waterfall Country Club and its alleged violation of the Clean Water Act and related state laws. The parties entered into a settlement agreement, and this Court ordered Defendants to comply with that agreement on April 9, 2009. See Dkt. No. [23].

In May 2009, the Plaintiffs moved to have the Defendants held in contempt for their failure to comply with the Court's April Order and the underlying settlement agreement. See Dkt. No. [24]. That motion was denied. See Dkt. No. [40]. However, Plaintiff's September Amended Motion to Compel Compliance was granted, in part. The Court ordered all of the Defendants to uphold the settlement agreement and to deposit a bond of $198,334.00 in the Registry of the Court within ten (10) days of the November 19, 2010 Order. Dkt. No. [56].

Defendants failed to post the bond, and on December 9, 2009, the Court entered an Order [60] granting Defendants' Motion for Extension of Time to Post Bond [57]. In that Order, the Court required Defendants to provide weekly updates of Defendant Waterfall Country Club, LLC's income from 2010 membership dues and general revenue. Dkt No. [57]. The Court held that the full payment of $198,334 would be due on January 15, 2010 in the event that

2

Waterfall Country Club, LLC had received at least $500,000 in 2010 membership dues and club revenue by that time.  If it had not received at least $500,000, Defendants were required to pay one-third (1/3) of the total 2010 membership dues that had been received.  In any event, the Court held that the balance of the $198,334 would be due on February 15, 2010.

Defendants failed to meet the February 15th deadline and, in fact, only paid $18,791.50 into the Registry of the Court on January 19, 2010.  This Court held a hearing requiring Defendants to show cause why they should not be held in contempt.  Following the hearing, this Court found that Defendants were in "wilful contempt of the Court Orders" and ordered that they pay the balance due of $179,542.50 into the Court Registry, with an additional $10,000 accruing each week commencing Friday, March 19, 2010 until the funds were paid. Dkt. No. [72].  No additional funds have been deposited.

Defendants jointly filed a Motion for Reconsideration [76] challenging the Court's debt calculations and providing additional evidence which Defendants claim was not available to them at the time of the hearing. Defendants Williams and Killearn additionally challenged their ability to pay the judgment or its associated weekly fine, that the contempt order is

3

excessively penal, and that these Defendants were not aware of the letter upon which the Court partially based its contempt judgment. Dkt. No. [81]. Defendants Williams and Killearn requested a hearing to discuss these matters. Id. In response, the Court ordered a contempt hearing. Dkt. No. [93].

At the hearing, Plaintiff's former counsel (Stack & Associates and Andrew, Knowles, and Princenthal) appeared and stated that their status as Plaintiff's agent was in question, and that they did not feel comfortable representing Plaintiff under those circumstances. The Court continued the hearing until the Plaintiff, a Georgia corporation, could find substitute counsel. After the parties conferred about the matter, the Court held two contempt hearings wherein it took evidence and heard argument on whether the contempt order remained proper since the Plaintiff no longer wished to pursue any claims against the Defendants and a majority of the Defendants had declared–and were discharged in–bankruptcy.

Ultimately, it is worth noting, the only claim which is still being pursued in this matter is the attorney's fees claim by Plaintiff's former counsel. Under the settlement agreement, the parties voluntarily agreed that $108,000 would be paid to the Plaintiff's attorneys following the agreement's signing, and

4

additional, reasonable fees would be paid if certain conditions were met. Dkt. No. [20-1] at 6-7.

## II. Discussion

### A. Prior Judgment

As Plaintiff no longer wishes to pursue any claims against Defendants, the Court **VACATES** its Order of March 15, 2010 [72], issuing a judgment against all Defendants for $179,542.50. That judgment was for money to fund work to abate negative impacts on Lake Burton. The Defendants no longer own the Waterfall Country Club, and it is unclear whether they would have the legal authority to make any alterations to land that they no longer own.

### B. Motions for Reconsideration

Following the hearings, the Court finds that reconsideration is proper in this case. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). However , a

5

motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995 ), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Here, all Defendants but David Williams and Killearn, Inc. have filed bankruptcy, and many have already been discharged of this debt. See Dkt. Nos. [41, 74, 83, 92, 98, 99]. The Court finds that this evidence cuts in favor of removing the contempt sanctions as most Defendants no longer have the funds to pay the sanction, and even if they did, the underlying debt was discharged in bankruptcy. See In re Lawrence, 279 F.3d 1294, 1300 (11th Cir. 2002) ("When civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights."). As well, because this Court has vacated the judgment upon which this contempt lies, see *supra*, the Court's purpose in issuing the contempt–namely coercing payment–is no longer appropriate as there is no underlying judgment to be paid. Therefore,

6

Defendants' Motions for Reconsideration [76, 81] are **GRANTED**. The sanctions previously imposed against Defendants are **VACATED**.

### C. Plaintiff's Motion to Dismiss

Plaintiff requests this Court to dismiss it as a party and to provide its former counsel time to intervene, as attorney's fees are the only issue left before the Court. Plaintiff also states that it is willing to assign any claim to attorney's fees that it has. After a hearing, the Court **GRANTS** Plaintiff's Motion to Dismiss [118] and **APPROVES** Plaintiff's request to assign its claims for attorney's fees pursuant to the Settlement Agreement to Plaintiff's former counsel. It is therefore **ORDERED** that Plaintiff's former counsel, Andrews, Knowles & Princenthal, LLC and Stack & Associates be **SUBSTITUTED** as Plaintiffs in this action.[1]

### D. Remaining Matters

The Court **DIRECTS** the undischarged Defendants (David Williams and Killearn, Inc.) to confer with Plaintiff's former counsel on the issue of attorney's fees. Within 14 days of this Order, the remaining Parties shall

---

[1] The Court does not make any findings as to whether LBCA owes their former counsel attorney's fees due to services rendered in this matter.

7

submit a status report to the Court. If the Parties have not settled the remaining claim, the Parties shall submit a proposed scheduling order to the Court. If the Parties cannot agree on the schedule, each Party shall submit its proposed schedule, and the Court will set the schedule.

### III. Conclusion

Defendants' Motion for Reconsideration of the Court's Contempt Order [76], Defendants David Williams and Killearn, Inc.'s Motion for Reconsideration of the Court's Contempt Order [81], and Plaintiff's Motion to Dismiss this Action after a Reasonable Time for Additional Parties to Intervene [118] are **GRANTED**. The sanctions previously imposed against Defendants are **VACATED**. Plaintiff's former counsel, Andrews, Knowles & Princenthal, LLC and Stack & Associates are hereby **SUBSTITUTED** as Plaintiffs in this action.

The Court **VACATES** its Order of March 15, 2010 [72], issuing a judgment against all Defendants for $179,542.50. Lake Burton Civic Association, Inc.; J. T. Williams; Bert Williams; Lake Burton Development, LLC; and Waterfall Country Club, LLC are **DISMISSED** as parties to this action.

The Court **DIRECTS** the undischarged Defendants (David Williams and Killearn, Inc.) to confer with Plaintiff's former counsel on the issue of attorney's fees. Within 14 days of this Order, the remaining Parties shall submit a status report to the Court. If the Parties have not settled the remaining claim, the Parties shall submit a proposed scheduling order to the Court. If the Parties cannot agree on the schedule, each Party shall submit its proposed schedule, and the Court will set the schedule.

**SO ORDERED** this __23rd__ day of September, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE